(91 App. Div. 101.)

### DURYEA v. DURYEA.

(Supreme Court, Appellate Division, First Department.   February 5, 1904.)

1. SEPARATION—INHUMAN TREATMENT—EVIDENCE—HARMLESS ERROR.

Where, in a suit for separation, the specific acts of cruelty testified to by plaintiff, in which she was partially corroborated by defendant himself, entitled her to a separation, the erroneous admission of a letter written by plaintiff to her father-in-law was harmless to defendant.

Van Brunt, P. J., dissenting.

Appeal from Special Term, New York County.

Action by Nina Larre Duryea against Chester B. Duryea. From an interlocutory judgment of separation on the ground of cruel and inhuman treatment, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, INGRAHAM, and LAUGHLIN, JJ.

Frederick H. Man, for appellant.
Herbert C. Smyth, for respondent.

McLAUGHLIN, J. The defendant appeals from an interlocutory judgment in favor of the plaintiff for a separation upon the ground of cruel and inhuman treatment. It would serve no useful purpose to

86 N.Y.S.—22

review the facts which induced the trial court to grant the judgment appealed from. It is sufficient to say that we have carefully examined the record, and are thoroughly satisfied its conclusion is correct. It may be conceded that the letter of June 29, 1901, from the plaintiff to her father-in-law, was improperly admitted in evidence, but it does not follow by reason thereof that the judgment appealed from is erroneous. On the contrary, we think it clearly appears from the whole record that the admission of this letter could not by any possibility have injured the defendant, inasmuch as the result must necessarily have been the same if the letter had been rejected. If we are correct in this conclusion, then the admission of the letter, though improper, did not injure the defendant. Forrest v. Forrest, 25 N. Y. 501; People v. Gonzalez, 35 N. Y. 49; Tenney v. Berger, 93 N. Y. 524, 45 Am. Rep. 263; McGean v. Manhattan Railway Co., 117 N. Y. 219, 22 N. E. 957. The specific acts of cruelty and inhuman treatment testified to by the plaintiff, in which she was corroborated in no small degree by the defendant himself, entitled her to the judgment which she has obtained.

It follows that the judgment appealed from must be affirmed, with costs.

HATCH, INGRAHAM, and LAUGHLIN, JJ., concur.

VAN BRUNT, P. J. (dissenting). I think the judgment should be reversed because of the receipt in evidence of the letter of June 29, 1901, which is admitted to have been error. A more glaring instance of allowing a party to give evidence in her own behalf in the shape of a letter has seldom been seen.